Matthew F. Archbold (CA SBN 210369)
e-mail: Matthew@yourlaborlawyers.com
David D. Deason (SBN 207733)
e-mail: David@yourlaborlawyers.com
DEASON & ARCHBOLD
17011 Beach Blvd., Suite 900
Huntington Beach, CA 92647
Telephone: (949) 794-9560

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGRET HILL; and TRENITA WILSON,<br><br>　　　　Plaintiffs,<br>　　vs.<br><br>CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>[COLLECTIVE ACTION PURSUANT TO 29 USC §216(b)]<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

## JURISDICTION

1.　This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under "constitution, laws or treaties of the United States; specifically, the claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.,* ("FLSA").

////

////

## VENUE

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, events, or omissions giving rise to the action occurred in this District and Plaintiff and Defendant each reside/operate businesses within this district.

## PARTIES

3. Individual and representative Plaintiff, Margret Hill (hereinafter "HILL"), was formerly employed by Defendant City of Los Angeles and retired on or about June, 2022.

4. Individual and representative Plaintiff, Trenita Wilson (hereinafter "WILSON" or together with HILL as "Plaintiffs"), was formerly employed by Defendant City of Los Angeles and retired within the three (3) years preceding the filing of this Complaint.

5. Defendant, City of Los Angeles ("CITY" or "Defendant"), is a political subdivision of the State of California located within California and is an employer whose employees are engaged in commerce within the meaning of 29 U.S.C. § 207(a) and as defined in 29 U.S.C. §§ 203(d) and 203(e)(2)(c).

6. Each of the DOES 1 through 10, inclusive, is so named because Plaintiffs do not know their true names and/or capacities at this time. Plaintiffs will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 10 have been ascertained.

7. Plaintiffs are informed and believe, and on the basis of such information and belief, allege that each defendant was an agent, employee, partner, and/or alter ego of each of the other remaining defendants, and in doing the things

/ / / /
/ / / /
/ / / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

herein alleged were acting within the scope and course of such agency and/or employment. Upon information and belief, each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries as herein alleged were proximately caused by such defendants.

8. The defendants, and each of them, save and except Defendant CITY, which is sued as an entity, are sued in their individual and official capacities.

9. The acts of defendants were in accordance with, and represent the official policy of, Defendant CITY or those whose edicts or acts may fairly be said to represent official policies hereinafter set forth.

10. Each defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

## COLLECTIVE ACTION ALLEGATIONS

11. This is a collective action pursuant to FLSA, 29 U.S.C. § 216(b) brought by individual and representative Plaintiffs HILL and WILSON, on behalf of themselves, and all others similarly situated, against their former employer. Plaintiffs and putative collective action members (all putative members hereinafter referred to collectively as "Collective Action Members") seek recovery for violations of federal overtime provisions as a result of Defendant's actions in not compensating Plaintiffs and Collective Action Members their banked overtime compensation on or before the next payday after their separation of employment with the CITY. Plaintiff and Collective Action Members ended their employed with Defendant within the three (3) years preceding the filing of this Complaint with a balance of banked overtime pay. All such employees are similarly situated under the FLSA, 29 U.S.C. § 216(b).

12. This action is brought under the FLSA to recover from Defendant liquidated damages, attorney's fees and costs of suit.

////

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**STATEMENT OF FACTS**

13.   Plaintiffs retired from employment with the CITY as "non-exempt," "non-sworn," "civilian" employees within the three (3) years preceding the filing of this Complaint.  During their employment, Plaintiffs "banked" significant overtime compensation for overtime hours worked.  This banked overtime constitutes back overtime wages and was due and payable in their final regular paycheck after resignation or retirement, but Plaintiffs did not receive the money owed in that pay period or even in the following pay period, or the pay period after that.

14.   The amount of banked overtime that a CITY employee has earned by working overtime is included in every paycheck stub as a running total.  Therefore, both Plaintiffs and Defendant knew at all times during Plaintiffs' employment the amount of banked overtime earned and due at the time of resignation or retirement.  Notwithstanding, and upon information and belief, the delay in payment is so common and pervasive that many employees are advised upon retirement by their retirement counselor that they will not receive payment for their banked overtime for at least two (2) months.  Even after waiting for two (2) months, many employees must email and/or call the CITY to ask for payment and often are required to wait weeks or even months longer.

15.   Defendant knew or should have known that it failed to compensate Plaintiffs in a timely manner.  Upon information and belief, the payroll "glitch" excuse has been consistently used by the CITY when failing to make payment in a timely manner and does not constitute a defense to its obvious violation of federal law, nor do excuses such a budget concerns and understaffing.  The systemic and pervasive nature of the delay, clearly indicates that the delay is Defendant's common policy and/or practice.

16.   Defendant sat idly by, and knowingly failed to provide lawful compensation.  Plaintiffs are informed and believe, and thereon allege, that at all

times set forth herein, Defendant was advised by skilled lawyers and other professionals, employees and advisors knowledgeable about the FLSA. Plaintiffs are informed and believe that Defendant willfully, knowingly and intentionally failed to comply with the FLSA.

## FIRST CAUSE OF ACTION

## FOR WILLFUL VIOLATION OF 29 U.S.C. § 207

**(Against All Defendants for the Late Payment of Overtime)**

17. Plaintiffs reassert and reallege paragraphs 1 though 16, inclusive, as if fully set forth and incorporates said paragraphs herein by reference.

18. Defendant has either recklessly, or knowingly and intentionally, failed and refused to compensate Plaintiffs, and Collective Action Members, for overtime compensation that they earned and banked while employed by Defendant by the regular pay day for the period in which the overtime was due.

19. The payment of banked overtime, or any overtime compensation, "…may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made." 29 CFR § 778.106

20. Defendant has delayed the payment of overtime for a period longer than is reasonably necessary for it to compute and arrange for payments of the amounts due, as set forth above.

21. Although Defendant was apprised of the law regarding the payment of hours covered by the FLSA, Defendant failed to compensate Plaintiffs, and Collective Action Members, in a timely manner.

22. In doing all the things described and alleged herein, Defendant deprived Plaintiffs, and Collective Action Members, of the rights, privileges and immunities secured to them by federal law which clearly sets forth that payment "…may not be delayed for a period longer than is reasonably necessary for the

employer to compute and arrange for payment of the amount due….." Defendant knew or should have known that their reckless and/or willful and intentional failure and refusal to pay for the overtime worked in a timely manner violated these rights, privileges and immunities.

23.     As a direct and proximate result of Defendant's actions and inactions, Plaintiffs, and Collective Action Members, have been damaged and are entitled to compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to their overtime compensation (banked overtime) which was paid late for the three (3) years prior to the filing of this action as required by 29 U.S.C. § 216(b), attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants, jointly and severally, as follows:

### As to the First Causes of Action

1. Compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to the overtime compensation (banked overtime) which was paid late for the three (3) years prior to the filing of this action as required by 29 U.S.C. § 216(b), attorney's fees and costs.

2.     Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. 216(b), according to proof; and

3.     Any other relief, including equitable relief, as the Court may deem just and proper.

DATED: April 26, 2024                         DEASON & ARCHBOLD

                                                                                    By:  s/ *Matthew F. Archbold*
                                                                                         Matthew F. Archbold
                                                                                         Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: April 26, 2024              DEASON & ARCHBOLD

                                  By: s/ *Matthew F. Archbold*
                                      Matthew F. Archbold
                                      Attorneys for Plaintiffs